UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: _____

AMERICAN HONDA MOTOR CO., INC.,

      Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

      Defendants.

_____/

## COMPLAINT

Plaintiff, American Honda Motor Co., Inc. ("Honda"), by and through undersigned counsel, hereby sues Defendants, The Individuals, Partnerships, and Unincorporated Associations identified on Schedule "A" hereto (collectively, the "Defendants"), and alleges as follows:

### NATURE OF THE ACTION

1.    Defendants are promoting, selling, reproducing, offering for sale, and distributing goods using counterfeits and confusingly similar imitations of Plaintiff's trademarks within this district through various Internet based e-commerce stores and fully interactive commercial Internet websites operating under the seller identification names set forth on Schedule "A" hereto (the "Seller IDs").[1]

2.    Like many other famous trademark owners, Plaintiff suffers ongoing daily and sustained violations of their trademark rights at the hands of counterfeiters and infringers, such as Defendants herein, who wrongfully reproduce and counterfeit Plaintiff's trademarks for the twin

---

[1] Plaintiff will be moving to file Schedule "A" under seal.

purposes of (i) duping and confusing the consuming public and (ii) earning substantial profits. The natural and intended byproduct of Defendants' actions is the erosion and destruction of the goodwill associated with Plaintiff's trademarks, as well as the destruction of the legitimate market sector in which they operate.

3.       In order to combat the indivisible harm caused by the combined actions of Defendants and others engaging in similar conduct, Plaintiff has expended significant amounts of resources in connection with trademark enforcement efforts, including legal fees, investigative fees, and support mechanisms for law enforcement. The exponential growth of counterfeiting over the Internet, particularly through online marketplace platforms, has created an environment that requires individuals, such as Plaintiff, to expend significant time and money across a wide spectrum of efforts in order to protect both consumers and themselves from the negative effects of confusion and the erosion of the goodwill connected to Plaintiff's brand.

## JURISDICTION AND VENUE

4.       This is an action seeking damages and injunctive relief for trademark counterfeiting and infringement, false designation of origin under the Lanham Act, common law unfair competition; common law trademark infringement pursuant to 15 U.S.C. §§ 1114, 1116, 1121, 1125(a), and 1125(d), and The All Writs Act, 28 U.S.C. § 1651(a); 15 U.S.C. § 1051 *et seq*.

5.       This Court has subject matter jurisdiction pursuant to 15 U.S.C. §§ 1114 and 1125(a), 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331 and 1338.

6.       This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims, because the claims are so related to the trademark claims in this action, over which this Court has original jurisdiction, that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Defendants are subject to personal jurisdiction in this District because they direct business activities toward and conduct business with consumers throughout the United States, including within the State of Florida and this District through at least the Internet based e-commerce stores and fully interactive commercial Internet websites accessible in Florida and operating under the Seller IDs.  Upon information and belief, Defendants infringe Plaintiff's trademarks in this District by advertising, using, selling, promoting and distributing counterfeit trademark goods through such Internet based e-commerce stores and fully interactive commercial Internet websites.

8.      Venue is proper in this District pursuant 28 U.S.C. § 1391 since Defendants are, upon information and belief, aliens engaged in infringing activities and causing harm within this District by advertising, offering to sell, selling and/or shipping infringing products into this District.  Defendants may be found in this District, as they are subject to personal jurisdiction herein.  Also upon information and belief, Defendants are foreign residents purposefully availing themselves of the United States to perpetuate their unlawful activity, and Defendants have not consented to jurisdiction in another state, thus personal jurisdiction is also proper pursuant to Fed. R. Civ. P. 4(k)(2).

## THE PLAINTIFF

9.      Plaintiff is a California corporation having its principal place of business in Torrance, California.

10.     Plaintiff has been granted the exclusive license to distribute goods and services in the United States in connection with the standard character marks and related logos identified on **Exhibit 1** (collectively, the "Honda Marks"), both registered and unregistered, of Honda Motor Co., Ltd. ("Honda Motor Co.").  Honda has the right to sub-license those rights to dealers,

distributors, and others, and the right to sue for violation of Honda Motor Co.'s rights.  Honda is also the exclusive distributor in the United States for goods manufactured by Honda Motor Co.

11.     Honda is a North American subsidiary of  Honda Motor Co. that combines product sales, service and coordinating functions of Honda in North America, and is responsible for distribution, marketing and sales of Honda brand automobiles, Honda power sports products, Honda power equipment products, small displacement general-purpose engines, and marine outboard engines.

12.     Honda Motor Co. has been the world's largest motorcycle manufacturer since 1959, reaching a production of 400 million by the end of 2019.  It is also the world's largest manufacturer of internal combustion engines measured by volume, producing more than 14 million internal combustion engines each year.

13.     Honda Motor Co. became the second-largest Japanese automobile manufacturer in 2001, and by 2023, Honda Motor Co. was the seventh largest automobile manufacturer in the world.  Honda Motor Co. was the first Japanese automobile manufacturer to release a dedicated luxury brand, Acura, in 1986.  Aside from its core automobile and motorcycle businesses, Honda Motor Co. also manufactures garden equipment, marine engines, personal watercraft, power generators, and other products.  Honda Motor Co. has also ventured into aerospace with the establishment of GE Honda Aero Engines in 2004 and the Honda HA-420 HondaJet, which began production in 2012.

14.     High-quality products under Honda's registered and unregistered trademarks are designed, manufactured, marketed, and distributed in interstate commerce, including within this judicial district.

## THE DEFENDANTS

15.     Defendants are individuals and/or business entities of unknown makeup, each of whom, upon information and belief, either reside and/or operate in foreign jurisdictions, or redistribute products from the same or similar sources in those locations and/or ship their goods from the same or similar sources in those locations to shipping and fulfillment centers within the United States to redistribute their products from those locations.  Defendants have the capacity to be sued pursuant to Federal Rule of Civil Procedure 17(b).  Defendants target their business activities towards consumers throughout the United States, including within this district through the operation of Internet based e-commerce stores via Internet marketplace websites under the Seller IDs.

16.     Defendants are the past and present controlling forces behind the sale of products under counterfeits and infringements of Plaintiff's trademarks as described herein using at least the Seller IDs.

17.     Upon information and belief, Defendants directly engage in unfair competition by advertising, offering for sale, and selling goods bearing one or more of Plaintiff's trademarks to consumers within the United States and this District through Internet based e-commerce stores using, at least, the Seller IDs and additional seller identification aliases and domain names not yet known to Plaintiff.  Defendants have purposefully directed some portion of their illegal activities towards consumers in the State of Florida through the advertisement, offer to sell, sale, and/or shipment of counterfeit and infringing goods into the State.

18.     Defendants have registered, established or purchased, and maintained their Seller IDs.  Upon information and belief, Defendants may have engaged in fraudulent conduct with respect to the registration of the Seller IDs.

19.     Upon information and belief, some Defendants have registered and/or maintained their Seller IDs for the sole purpose of engaging in illegal counterfeiting activities.

20.     Upon information and belief, Defendants will continue to register or acquire new seller identification aliases and domain names for the purpose of selling and offering for sale goods bearing counterfeit and confusingly similar imitations of one or more of Plaintiff's trademarks unless preliminarily and permanently enjoined.

21.     Defendants use their Internet-based businesses in order to infringe the intellectual property rights of Plaintiff.

22.     Defendants' business names, *i.e.*, the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of counterfeit and infringing goods bearing one or more of Plaintiff's trademarks are essential components of Defendants' online activities and are one of the means by which Defendants further their counterfeiting and infringement scheme and cause harm to Plaintiff.  Moreover, Defendants are using Plaintiff's famous trademarks to drive Internet consumer traffic to their e-commerce stores operating under the Seller IDs, thereby increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate marketplace and intellectual property rights at Plaintiff's expense.

## GENERAL FACTUAL ALLEGATIONS

### *Plaintiff's Intellectual Property Rights*

23.     Plaintiff is the owner of the trademark registrations identified on **Exhibit 1** attached hereto, which are valid and registered on the Principal Register of the United States Patent and Trademark Office, and pending applications for trademark registration on the Principal Register (*i.e.*, the Honda Marks):

6

24.     The Honda Marks are used in connection with the design, manufacturing, marketing, and distribution of high-quality goods in at least the categories identified above.

25.     Long before Defendants began their infringing activities complained of herein, the Honda Marks had been used by Plaintiff in interstate commerce to identify and distinguish Plaintiff's products and merchandise for an extended period.

26.     The Honda Marks are well-known and famous and have been for many years. Plaintiff has expended substantial time, money, and other resources developing, enforced, and otherwise promoting the Honda Marks and products bearing the Honda Marks.  The Honda Marks qualify as famous marks as that term is used in 15 U.S.C. §1125(c)(1).

27.     Plaintiff has extensively used, enforced, and promoted the Honda Marks  in the United States in association with their merchandise.

28.     As a result of Plaintiff's efforts, members of the consuming public readily identify products and merchandise bearing or sold under the Honda Marks as being high quality goods sponsored and approved by Plaintiff.

29.     The Honda Marks serve as a symbol of Plaintiff's quality, reputation, and goodwill and have never been abandoned.

### *Defendants' Counterfeiting and Infringing Conduct*

30.     Upon information and belief, Defendants are promoting and advertising, distributing, selling, and/or offering for sale counterfeit and infringing goods in interstate commerce using exact copies and confusingly similar copies of the Honda Marks through at least the Internet based e-commerce stores operating under the Seller IDs (collectively, the "Counterfeit Goods").  Plaintiff has used the Honda Marks extensively and continuously before Defendants began offering counterfeit and confusingly similar imitations of Plaintiff's merchandise.

31.     Upon information and belief, Defendants' Counterfeit Goods are of a quality substantially and materially different than that of Plaintiff's genuine goods.  Defendants, upon information and belief, are actively using, promoting and otherwise advertising, distributing, selling and/or offering for sale substantial quantities of their Counterfeit Goods with the knowledge and intent that such goods will be mistaken for the genuine high quality goods offered for sale by Plaintiff under the Honda Marks despite Defendants' knowledge that they are without authority to use the Honda Marks.  The effect of Defendants' actions will cause confusion of consumers, at the time of initial interest, sale, and in the post-sale setting, who will believe Defendants' Counterfeit Goods are genuine goods originating from, associated with, or approved by Plaintiff.

32.     Defendants advertise their Counterfeit Goods for sale to the consuming public via e-commerce stores on Internet marketplace websites using at least the Seller IDs.  In so advertising these goods, Defendants improperly and unlawfully use the Honda Marks without Plaintiff's permission.

33.     As part of their overall infringement and counterfeiting scheme, Defendants are, upon information and belief, employing and benefitting from substantially similar, advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Honda Marks. Specifically, Defendants are using counterfeits and infringements of Plaintiff's famous Honda Marks in order to make their e-commerce stores and websites selling illegal goods appear more relevant, authentic, and attractive to consumers searching for Plaintiff's related goods and information online.  By their actions, Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods.  Defendants are causing individual, concurrent and indivisible harm to Plaintiff and the consuming public by (i) depriving Plaintiff and other third parties of their right to

fairly compete for space within search engine results and reducing the visibility of Plaintiff's genuine goods on the World Wide Web, (ii) causing an overall degradation of the goodwill associated with the Honda Marks, and/or (iii) increasing Plaintiff's overall cost to market the Honda Marks and educate consumers about their brand via the Internet.

34.     Upon information and belief, Defendants are concurrently targeting their counterfeiting and infringing activities toward consumers and causing harm within this District and elsewhere throughout the United States.  As a result, Defendants are defrauding Plaintiff and the consuming public for Defendants' own benefit.

35.     Upon information and belief, at all times relevant hereto, Defendants in this action had full knowledge of Plaintiff's ownership of the Honda Marks, including their exclusive right to use and license such intellectual property and the goodwill associated therewith.

36.     Defendants' use of the Honda Marks, including the promotion and advertisement, distribution, sale and offering for sale of their Counterfeit Goods, is without Plaintiff's consent or authorization.

37.     Defendants are engaging in the above-described illegal counterfeiting and infringing activities knowingly and intentionally or with reckless disregard or willful blindness to Plaintiff's rights for the purpose of trading on Plaintiff's goodwill and reputation.  If Defendants' intentional counterfeiting and infringing activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

38.     Defendants' above identified infringing activities are likely to cause confusion, deception, and mistake in the minds of consumers before, during and after the time of purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive

customers, the public, and the trade into believing there is a connection or association between Plaintiff's genuine goods and Defendants' Counterfeit Goods, which there is not.

39.     Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' trademark counterfeiting and infringing and unfairly competitive activities connected to their Seller IDs and any other alias seller identification names being used and/or controlled by them.

40.     Further, upon information and belief, Defendants are likely to transfer or conceal their assets to avoid payment of any monetary judgment awarded to Plaintiff.

41.     Plaintiff has no adequate remedy at law.

42.     Plaintiff is suffering irreparable injury and have suffered substantial damages as a result of Defendants' unauthorized and wrongful use of the Honda Marks .

43.     The harm and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful use, advertisement, promotion, offers to sell, and sale of their Counterfeit Goods.

## COUNT I -- TRADEMARK COUNTERFEITING AND INFRINGEMENT PURSUANT TO § 32 OF THE LANHAM ACT (15 U.S.C. § 1114)

44.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

45.     This is an action for trademark counterfeiting and infringement against Defendants based on their use of counterfeit and confusingly similar imitations of the Honda Marks  in commerce in connection with the promotion, advertisement, distribution, offering for sale, and sale of the Counterfeit Goods.

46.     Defendants are promoting and otherwise advertising, selling, offering for sale, and distributing goods, using counterfeits and/or infringements of the Honda Marks.  Defendants are

continuously infringing and inducing others to infringe the Honda Marks  by using one or more of them to advertise, promote, offer to sell, and/or sell at least counterfeit and infringing goods.

47.     Defendants' concurrent counterfeiting and infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' Counterfeit Goods.

48.     Defendants' unlawful actions have individually and jointly caused and are continuing to cause unquantifiable damage to Plaintiff and are unjustly enriching Defendants with profits at Plaintiff's expense.

49.     Defendants' above-described illegal actions constitute counterfeiting and infringement of the Honda Marks  in violation of Plaintiff's rights under § 32 of the Lanham Act, 15 U.S.C. § 1114.

50.     Plaintiff has suffered and will continue to suffer irreparable injury and damages due to Defendants' above described activities if Defendants are not preliminarily and permanently enjoined.  Additionally, Defendants will continue to wrongfully profit from their illegal activities.

## COUNT II -- FALSE DESIGNATION OF ORIGIN
## PURSUANT TO § 43(A) OF THE LANHAM ACT (15 U.S.C. § 1125(a))

51.     Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

52.     Upon information and belief, Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Honda Marks  have been widely advertised and offered for sale throughout the United States via the Internet.

53.     Defendants' Counterfeit Goods bearing, offered for sale, and sold under copies of the Honda Marks  are virtually identical in appearance to Plaintiff's genuine goods.  However, Defendants' Counterfeit Goods are different in quality.  Accordingly, Defendants' activities are

likely to cause confusion in the trade and among the general public as to at least the origin or sponsorship of their Counterfeit Goods.

54.     Defendants, upon information and belief, have used in connection with their advertisement, offer for sale, and sale of their Counterfeit Goods, false designations of origin and false descriptions and representations, including words or other symbols and trade dress, which tend to falsely describe or represent such goods and have caused such goods to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to Plaintiff's detriment.

55.     Defendants have authorized infringing uses of the Honda Marks in Defendants' advertisement and promotion of their counterfeit and infringing branded goods.  Defendants have misrepresented to members of the consuming public that the Counterfeit Goods being advertised and sold by them are genuine, non-infringing goods.

56.     Additionally, Defendants are using counterfeits and infringements of the Honda Marks in order to unfairly compete with Plaintiff and others for space within search engine organic results, thereby jointly depriving Plaintiff of a valuable marketing and educational tool which would otherwise be available to Plaintiff and reducing the visibility of Plaintiff's genuine goods on the World Wide Web.

57.     Defendants' above-described actions are in violation of Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

58.     Plaintiff has no adequate remedy at law and has sustained indivisible injury and damage caused by Defendants' concurrent conduct. Absent an entry of an injunction by this Court, Defendants will continue to wrongfully reap profits and Plaintiff will continue to suffer irreparable injury to its goodwill and business reputation, as well as monetary damages.

## COUNT III -- COMMON LAW UNFAIR COMPETITION

59. Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

60. This is an action against Defendants based on their promotion, advertisement, distribution, sale, and/or offering for sale of goods using marks which are virtually identical, both visually and phonetically, to the Honda Marks in violation of Florida's common law of unfair competition.

61. Specifically, Defendants are promoting and otherwise advertising, selling, offering for sale and distributing goods bearing counterfeits and infringements of the Honda Marks. Defendants are also using counterfeits and infringements of the Honda Marks to unfairly compete with Plaintiff for (i) space in search engine results across an array of search terms and/or (ii) visibility on the World Wide Web.

62. Defendants' infringing activities are likely to cause and actually are causing confusion, mistake and deception among members of the trade and the general consuming public as to the origin and quality of Defendants' products by their use of the Honda Marks.

63. Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

## COUNT IV - COMMON LAW TRADEMARK INFRINGEMENT

64. Plaintiff hereby adopts and re-alleges the allegations set forth in paragraphs 1 through 43 as though fully set forth herein.

65. This is an action for common law trademark infringement against Defendants based on their promotion, advertisement, offering for sale, and sale of their Counterfeit Goods bearing the Honda Marks. Plaintiff is the owner of all common law rights in and to the Honda Marks.

66.     Specifically, Defendants, upon information and belief, are promoting and otherwise advertising, distributing, offering for sale, and selling goods bearing infringements of the Honda Marks.

67.     Defendants' infringing activities are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and general consuming public as to the origin and quality of Defendants' Counterfeit Goods bearing the Honda Marks.

68.     Plaintiff has no adequate remedy at law and is suffering damages and irreparable injury as a result of Defendants' actions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

A.     Entry of temporary, preliminary, and permanent injunctions pursuant to 15 U.S.C. § 1116, 17 U.S.C. § 502(a), and Federal Rule of Civil Procedure 65 enjoining Defendants, their agents, representatives, servants, employees, and all those acting in concert or participation therewith, from manufacturing or causing to be manufactured, importing, advertising or promoting, distributing, selling or offering to sell their Counterfeit Goods; from infringing, counterfeiting, or diluting the Honda Marks; from using the Honda Marks, or any mark or design similar thereto, in connection with the sale of any unauthorized goods; from using any logo, trade name or trademark or design that may be calculated to falsely advertise the services or products of Defendants as being sponsored by, authorized by, endorsed by, or in any way associated with Plaintiff; from falsely representing themselves as being connected with Plaintiff, through sponsorship or association, or engaging in any act that is likely to falsely cause members of the trade and/or of the purchasing public to believe any goods or services of Defendants are in any

way endorsed by, approved by, and/or associated with Plaintiff; from using any counterfeit, copy, or colorable imitation of the Honda Marks in connection with the publicity, promotion, sale, or advertising of any goods sold by Defendants; from affixing, applying, annexing or using in connection with the sale of any goods, a false description or representation, including words or other symbols tending to falsely describe or represent Defendants' goods as being those of Plaintiff's, or in any way endorsed by Plaintiff and from offering such goods in commerce; from engaging in search engine optimization strategies using colorable imitations of Plaintiff's Honda Marks; and from otherwise unfairly competing with Plaintiff.

B.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, the applicable governing Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court disable and/or cease facilitating access to the Seller IDs, and any other alias seller identification names being used and/or controlled by Defendants to engage in the business of marketing, offering to sell, and/or selling goods bearing counterfeits and infringements of the Honda Marks.

C.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority, that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators for the Seller IDs who are provided with notice of an injunction issued by the Court, identify any e-mail address known to be associated with Defendants' respective Seller ID.

D.      Entry of an order pursuant to 28 U.S.C. § 1651(a), The All Writs Act, and the Court's inherent authority that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of an injunction issued by the Court

permanently remove any and all listings and associated images of goods bearing counterfeits and/or infringements of the Honda Marks via the e-commerce stores operating under the Seller IDs, and upon Plaintiff's request, any other listings and images of goods bearing counterfeits and/or infringements of the Honda Marks  associated with and/or linked to the same sellers or linked to any other alias seller identification names being used and/or controlled by Defendants to promote, offer for sale and/or sell goods bearing counterfeits and/or infringements of the Honda Marks.

E.     Entry of an order requiring Defendants to account to and pay Plaintiff for all profits and damages resulting from Defendants' trademark counterfeiting and infringing and unfairly competitive activities and that the award to Plaintiff be trebled, as provided for under 15 U.S.C. §1117, or, at Plaintiff's election with respect to Count I, that Plaintiff be awarded statutory damages from each Defendant in the amount of two million US dollars ($2,000,000.00) per each counterfeit trademark used and product type sold, as provided by 15 U.S.C. §1117(c)(2) of the Lanham Act.

F.     Entry of an order that, upon Plaintiff's request, Defendants and any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other alias seller identification or e-commerce store names, domain names and/or websites used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

G.     Entry of an award pursuant to 15 U.S.C. § 1117 (a) and (b) of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

H.     Entry of an order requiring Defendants to pay prejudgment interest according to law.

I.     Entry of an order for such other and further relief as the Court may deem proper and just.

Date:   October 30, 2024                    Respectfully submitted by,

**Richard Guerra**
Richard Guerra (Fla. Bar No. 689521)
Email: rguerra@brickellip.com
THE BRICKELL IP GROUP, PLLC
1101 Brickell Avenue, South Tower, Suite 800
Miami FL, 33131
Telephone: (305) 728-8831
*Attorneys for Plaintiff*

17

**EXHIBIT 1**

| TRADEMARK | REG. NO. | CLASS OF GOODS AND SERVICES |
|---|---|---|
| HONDA (Standard Character) | 4317732 | Class 007: Electric generators and parts thereof; portable pumps, namely, centrifugal pumps, electric pumps, positive displacement pumps, pumps as parts of machines, sewage pumps, silt pumps, sludge pumps, submersible pumps, suction pumps, sump pumps, trash pumps; lawn mowers; power operated tillers and cultivators; snow blowers and snow throwers; power operated lawn and garden string trimmers; engines not for motor vehicles; boat motors; and structural parts for all of the foregoing |
| HONDA (Standard Character) | 826779 | Class 007: LAND VEHICLES OF ALL TYPES-NAMELY, MOTOR CARS, MOTORCYCLES, MOTOR BICYCLES, MOTOR TRICYCLES, MOTOR TRUCKS, MOTOR SCOOTERS, MOPEDS, AND PARTS THEREOF; Class 012: INTERNAL COMBUSTION ENGINES |
| HONDA (Standard Character) | 5933279 | Class 035: Distributorship services in the field of engines and engine structural parts not for land vehicles; distributorship services in the fields of boat motors and boat motors structural parts; distributorship services in the field of power equipment, namely, lawnmowers, robotic lawnmowers, lawn tractors, rototillers, cultivators, snowblowers, lawn trimmers, generators, snow blowers, snow throwers, pumps, and structural parts for all of the foregoing |
| HONDA (Standard Character) | 1030499 | Class 004: MOTOR OIL |

| | | |
|---|---|---|
| HONDA (Standard Character) | 1002188 | Class 007: ELECTRIC GENERATORS AND PARTS THEREOF |
| HONDA (Standard Character) | 6122838 | Class 012: Aircraft and structural parts therefor; Class 037: Installation, repair, replacement, and maintenance of aircraft and structural parts therefor; Class 041: Educational services, namely, providing in-person and online training programs for pilots and aircraft mechanics in the fields of aircraft piloting and aircraft maintenance and repair |
| HONDA (Standard Character) | 4667771 | Class 012: Motor vehicles, namely, automobiles, sports utility vehicles, trucks, motorcycles, all-terrain vehicles, and scooters |
| HONDA (Standard Character) | 1542278 | Class 025: CLOTHING, NAMELY JACKETS, [ SHIRTS, PANTS, ] WIND-RESISTANT JACKETS, CAPS, [ GLOVES, TURTLENECKS AND SWEATERS ] |
| HONDA (Standard Character) | 1673535 | Class 028: TOYS; NAMELY, METALLIC AND PLASTIC REPLICAS OF MOTORCYCLES AND OTHER MOTOR VEHICLES AND ACCESSORIES THEREFOR |
|  | 5944230 | Class 025:Clothing, namely, jackets, shirts, pants, shorts, sweaters, sweatshirts, hats, beanies, gloves, socks; riding shoes |
|  | 3705651 | Class 004:Industrial oils and greases; lubricants, namely, industrial lubricant and all purpose lubricant; |

| | | Class 014: chronometric instruments, namely, watches; Class 018: Leather and imitation leather sold in bulk, and goods made of these materials and not included in other classes, namely, [ purses, ] wallets, [ backpacks; traveling bags; ] umbrellas, parasols; Class 021: unworked or semi-worked glass not used in building, namely, drinking glasses; [ beverage glassware, ] earthenware not included in other classes, namely, mugs; Class 025: Clothing, namely, t-shirts, hats, caps, pants, gloves for driving and riding; Class 028: Games and playthings, namely, toy vehicles [ ; video games] |
|---|---|---|
|  | 1607413 | Class 012: LAND MOTOR VEHICLES, namely, [ AUTOMOBILES, ] ALL TERRAIN VEHICLES, MOTORCYCLES, MOTOR SCOOTERS, [ MOPEDS, ] AND STRUCTURAL PARTS THEREFOR |
|  | 2954443 | Class 016: Writing instruments |
|  | 6134799 | Class 035: business management consulting and advisory services for automobile dealerships; conducting employee and dealership incentive award programs to promote on-the-job quality, service, productivity, performance, and sales in the field of automobile dealerships; automobile dealerships; marketing and advertising services for automobile dealerships; providing information about automobiles for sale by means of the Internet; offering business management assistance in the establishment and/or operation of car dealerships |

| | 6450305 | Class 037: Providing automotive repair and maintenance services |
|---|---|---|
| | 2826218 | Class 012: Land motor vehicles of all types, namely, automobiles, electric vehicles, four-wheel land motor vehicles, sport utility vehicles, passenger land motor vehicles, minivans, motor cars, trucks, vans and structural and mechanical parts thereof; Class 016: promotional materials on the subject of automobiles, [ and all-terrain vehicles ] printed matter in the nature of publications, namely, pamphlets, manuals and instructions booklets on the subject of automobiles to be distributed to the purchasers; Class 037: Service station services for vehicles, namely, repair, maintenance, detailing, greasing, painting and polishing of vehicles; motor vehicle oil and filter replacement services; emergency roadside assistance services; power operated repair and maintenance services for vehicles |
| | 2543508 | Class 014: Jewelry; Class 016: [ Magazines on the subject of land vehicles; coupons, incentive coupons, voucher books, ] printed forms, [ memorandum books, posters, ] and [printed matter about motorcycles, scooters and all-terrain vehicles, namely, newsletters, magazines, brochures and pamphlets ] ; writing material, namely, pens [ ; |

|  |  | printed material, namely, decals ]; Class 018: leather goods, namely, backpacks, all purpose leather bags, gym bags, ] duffel bags [, luggage, knapsacks, pocketbooks, waist pouches, purses and wallets ]; Class 025: Clothing, namely jackets, [ jacket liners, shirts, ] T-shirts, knit shirts,[ polo shirts, pants, wind-resistant jackets, ] baseball caps, [ gloves, turtlenecks, sweaters, jerseys, riding suits, vests, sweat pants, sweat shirts, belts, bandannas, and knit hats, suspenders, and aprons; off-road vehicle riding gear, footwear ]; Class 028:toys, namely replicas of the applicant's land vehicles [ and accessories therefor sold in conjunction with the applicants land vehicles through the applicant and its authorized agent ]; Class 035: Business management consulting services in the field of automobile, [ motorcycle, motorscooters, all-terrain vehicle and power equipment] dealerships; conducting employee and dealership incentive award programs to promote on-the-job quality, service, productivity, performance, and sales in the field of automobile, [ motorcycle, motorscooters, all-terrain vehicle and power equipment dealerships;] automobile,[ motorcycle, motorscooters, all-terrain vehicle and power equipment dealership services; marketing services, namely, direct mailings, telemarketing campaigns, and periodic reports, designed to encourage customers to return to originating dealers to lease or purchase new vehicles;] rendering technical assistance in connection with the operation of land vehicle dealerships; [ advertising agencies, namely, promoting the services of |
|---|---|---|

| | | |
|---|---|---|
| | | automobile, motorcycle, scooter, all-terrain vehicle and power equipment dealerships through the distribution of printed and audio promotional materials and by] rendering sales promotion advice; developing campaigns for dealers; promoting the sale of automobiles,[ motorcycles, scooters, all-terrain vehicles and power equipment] by dealers through the administration of incentive award programs; [ business services provided to dealers, namely, Preparing business reports, ] service transaction analysis, namely, reports which analyze services rendered to automobiles [, motorcycles, scooters, all-terrain vehicles and power equipment, vehicle aging reports, reports to determine the wear and tear of automobiles, motorcycles, scooters, all-terrain vehicles and power equipment, cost and income analysis of automobile, motorcycle, scooter, all-terrain vehicles and power equipment, parts, accessories and servicing thereof ] |
|  | 2976445 | Class 011: flashlights [, headlights for vehicles ]; Class 012: [ internal combustion engines for land vehicles; engine parts namely, transmission shifters; land tractors; devices for proportioning stopping force between front and rear wheel brakes, namely, a secondary master cylinder; a proportional control valve and multi-piston calipers for proportioning stopping; motorcycle suspensions; frames for motorcycles; motorcycle parts, namely, a mechanically activated anti-drive system for use in braking comprised of brake calipers, valves and levers; structural parts and accessories for all terrain vehicles, namely, drive |

|  |  | train mechanism; structural parts for land vehicles which combine an anti-lock braking system, traction control and side slip; land motor vehicle accessories, namely, license plate frames, anti-theft alarms for vehicles, bumpers, chassis, oil pans, seat cushions, sunroofs, windshield sunshades, exhaust pipe, axle bearing, axle boot kits for use with land vehicles, axles, bearings, belts, blades, brake blocks, brakes, brake cylinder repair kits, brake hardware, namely, air truck brake hoses, brake linings, brake pads, tire chains, clutches, connecting rods, torque converters for land vehicles, vehicle seat covers, brake cylinder repair kits, directional signals for vehicles, drive belts other than parts of motors and engines, drive gears, land vehicle engine rebuilt kits sold as a unit and aerodynamic fairings; horns for vehicles, ] hub caps, [ inner tubes for vehicle tires, license plate holders, luggage carriers for vehicles; vehicle parts, namely, rear view mirrors; mopeds and pick up trucks, caps and patches for tires; seat belts for use in vehicles, vehicle seats; snow mobiles; spoilers for vehicles, steering boot kits for use with land vehicles, steering wheel lock, ] steering wheels, [ automobile windshield sunshades, suspension systems for motorcycles and automobiles, thrusters for vehicles, tires valves, tires, tractors, land vehicle transmission, automobiles motorcycles, motorscooters, all-terrain vehicles and transmissions; tricycles, trucks, and, wagons; valves, ] vehicle windows [, wipers ] and windshields [ ; vehicle brakes ]; Class 016: writing material, namely, pens; [ printed matter and paper |

| | | |
|---|---|---|
| | | goods namely, books on the subject of automobiles, motorcycles, bicycles, all-terrain vehicles and power equipment, memorandum books, decals and stickers ]; Class 018: all purpose athletic bags, gym bags, duffel bags, luggage, shoulder bags, [ book bags, leather key fobs, key cases; ] umbrellas; Class 021:Mugs; beverage coolers; coffee cups, cups, insulated containers for food or beverage; Class 024: towels; Class 025: Headgear and clothing, namely, jackets, knit shirts, polo shirts, wind-resistant jackets, t-shirts, shirts, hats, [ neckties, ] sweatshirts; Class 028:replicas of land motor vehicles of all types, namely, automobiles, four-wheel land motor vehicles; Class 041: Automobile dealership incentive programs to demonstrate excellence in the automotive field; automobile dealerships; training programs in the area of sales, service and management; Class 042: Automobiles and for automobile division services, including the establishment of a dealer network and the procurement sale; providing an interactive computer database in the field of automotive sales, service and information; [ motorcycle and motorscooter dealership services ] |
|  | 2390539 | Class 016: [ Magazines on the subject of land vehicles; coupons, incentive coupons, voucher books, printed forms, memorandum books, posters, and printed matter about motorcycles, scooters and all-terrain vehicles, namely, newsletters, magazines, brochures and pamphlets; ] writing material, namely, pens [ ; printed material, namely, decals]; Class 025: |

| | | Clothing, namely, [ jackets, jacket liners, ] shirts, T-shirts, knit shirts, [ polo shirts, pants, wind-resistant jackets, ] hats [, gloves, turtlenecks, sweaters, jerseys, riding suits, vests, sweat pants, sweat shirts, belts, bandannas, and knit hats, suspenders, and aprons; off-road vehicle riding gear, footwear ]; Class 035: Business management consulting services in the field of automobile [ motorcycle, motorscooter, all-terrain vehicle and power equipment ] dealerships; [conducting employee and dealership incentive award programs to promote-on-the job quality, service, productivity, performance, and sales in the field of automobile, motorcycle, motorscooter, all-terrain vehicle and power equipment dealerships;] automobile, [ motorcycle, motorscooter, all-terrain vehicle and power equipment ] dealership services; marketing services, namely, direct mailings, telemarketing campaigns, and periodic reports, designed to encourage customers to return to originating dealers to lease or purchase new vehicles; rendering technical assistance in connection with the operation of land vehicle dealerships; advertising agencies, namely, promoting the services of automobile, [ motorcycle, scooter, all-terrain vehicle, and power equipment ] dealerships through the distribution of printed and audio promotional materials and by rendering sales promotion advice; developing campaigns for dealers; promoting the sale of automobiles, [ motorcycles, scooters, all-terrain vehicles and power equipment ] by dealers through the administration of incentive award programs; business |

| | | |
|---|---|---|
| | | services provided to dealers, namely, preparing business reports, service transaction analysis, namely, reports which analyze services rendered to automobiles, [ motorcycles, scooters, all-terrain vehicles and power equipment, ] vehicle aging reports, reports to determine the wear and tear of automobiles, [ motorcycles, scooters, all-terrain vehicles and power equipment,] cost and income analysis of automobile,[ motorcycle, scooter, all-terrain vehicles and power equipment, ] parts, accessories and servicing thereof |
| ACURA | 2646476 | Class 025: Clothing, namely, t-shirts, shirts, hats, [ neckties,] caps [, and leather belts ] |
| ACURA | 2514550 | Class 035: business consultation provided to automobile dealers; providing consumer product information via the Internet; providing dealership support information to sales and management staff via the Internet, specifically, marketing bulletins and press releases; Class 037: Providing dealership support information to service and management staff via the Internet, specifically, service bulletins; Class 041: Computer-based training classes in the field of automobile sales, service, and management |
| ACURA | 2875172 | Class 009: [ Computer game cartridges, computer game cassettes, ] computer game discs, computer game programs, computer game software, [ computer game tapes ]; Class 026: Belt buckles not of precious metal; Class 028: toy replicas of vehicles |

| ACURA (Standard Character) | 1644580 | Class 035: business management consulting services in the field of automobile dealerships |
| ACURA (Standard Character) | 4414928 | Class 012: automotive structural parts |
| ACURA (Standard Character) | 6047363 | Class 025: Clothing, namely, jackets, shirts, pants, shorts, sweaters, sweatshirts; outerwear, namely, coats, jackets, rain jackets; gloves, socks; footwear; headwear; hats, beanies, and caps |
| ACURA (Standard Character) | 1407602 | Class 012: Automobiles |
| ACCORD (Standard Character) | 1053254 | Class 012: AUTOMOBILES AND STRUCTURAL AND MECHANICAL PARTS THEREOF |
| ODYSSEY (Standard Character) | 2039315 | Class 012: passenger land motor vehicles, namely, minivans, and structural parts thereof |
| CR-V (Standard Character) | 3097173 | Class 012: Automobiles and structural parts therefor |
| CIVIC (Standard Character) | 2573521 | Class 012: Automobiles and structural parts therefor |
| PILOT (Standard Character) | 2769867 | Class 012: MOTOR VEHICLES, NAMELY SUVS, AND STRUCTURAL PARTS THEREFOR |