UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-62042-CIV-SINGHAL

AMERICAN HONDA MOTOR CO., INC.,

    Plaintiff,

v.

THE INDIVIDUALS, PARTNERSHIPS AND
UNINCORPORATED ASSOCIATIONS
IDENTIFIED ON SCHEDULE "A,"

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before the Court *sua sponte* upon review of Plaintiff's Amended Complaint (DE [6]), the Court's Order to Show Cause why the case should not be dismissed for improper joinder (DE [5]), and Plaintiff's Response to the Order to Show Cause (DE [11]).[1] For the reasons discussed below, the Court concludes that joinder is not proper and the Amended Complaint is dismissed without prejudice.

This case is one of thousands of attempts by trademark owners to protect their federally registered trademarks from unauthorized and illegal use by (primarily) foreign entities who sell counterfeit products through various Internet based e-commerce stores and websites. According to Plaintiff, "Defendants are contributing to the creation and maintenance of an illegal marketplace operating in parallel to the legitimate marketplace for Plaintiff's genuine goods." (DE [6] ¶ 34). In this case, the Plaintiff, American Honda Motor Co., Inc., ("Honda") alleges Defendants are selling inferior, unauthorized products

---

[1] The Court issued its Order to Show Cause based on the allegations in the initial Complaint. Plaintiff filed an Amended Complaint (DE [6]) simultaneously with its Response to the Order to Show Cause. This Order addresses the joinder issue with the allegations set forth in the Amended Complaint.

branded with Honda marks to consumers in this District and throughout the United States. There are 42 named Defendants. (DE [15]).

Under Fed. R. Civ. P. 20, multiple defendants may be joined in one action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(b)(2). The Eleventh Circuit has explained that "[i]n determining what constitutes a transaction or occurrence for the purposes of Rule 20(a), courts have looked for meaning to [Fed. R. Civ. P.] 13(a) governing compulsory counterclaims." *Alexander v. Fulton County*, 207 F.3d 1303, 1323 (11th Cir. 2000), *overruled on other grounds by Manders v. Lee*, 338 F.3d 1304 (11th Cir. 2003). To that end, "all logically related events entitling a person to institute a legal action against another generally are regarded as comprising a transaction or occurrence." *Id.* (citation and internal quotation marks omitted). "The 'logical relationship' standard is a 'loose' one that 'permits a broad realistic interpretation in the interest of avoiding a multiplicity of suits.'" *Rhodes v. Target Corp.*, 313 F.R.D. 656, 659 (M.D. Fla. 2016) (quoting *Edwards-Bennett v. H. Lee Moffitt Cancer & Rsch. Inst., Inc.*, 2013 WL 3197041, at *1 (M.D. Fla. June 21, 2013)). "Notably, similar issues of liability alone are not sufficient to warrant joinder; the claims must also share operative facts." *Id.*

Although the Federal Rules of Civil Procedure are construed generously towards "entertaining the broadest possible scope of action consistent with fairness to the parties," and joinder of parties is "strongly encouraged," a district court maintains broad discretion in whether to allow joinder. *Vanover v. NCO Fin. Servs., Inc.*, 857 F.3d 833, 839 (11th Cir. 2017) (quoting *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966));

Swan, 293 F.3d at 1253. "Plainly, the central purpose of Rule 20 is to promote trial convenience and expedite the resolution of disputes, thereby eliminating unnecessary lawsuits." *Alexander*, 207 F.3d at 1323 (citation omitted). Rule 21, on the other hand, permits the court "[o]n motion or on its own, at any time, on just terms [to] drop or add a party." Fed. R. Civ. P. 21.

Upon review of the Complaint, the Court ordered Honda to show cause why the 42 Defendants named on Schedule "A" should be joined in this action. Honda responded with a strong and well-written brief that outlined the scope of the problem posed by trafficking in counterfeit and pirated goods. (DE [11]). By marketing via the internet, infringers can conceal their identities, reach an unlimited market, and cause great harm to both trademark owners and consumers. Honda argues that requiring it to file individual causes of action against each counterfeiter ignores the harm that it faces in combatting trademark infringement and increases the costs and labor involved to an unsustainable level. (DE [11]) (citing *Bose Corp. v. Partnerships & Unincorporated Associations Identified on Schedule "A,"* 334 F.R.D. 511, 517 (N.D. Ill. 2020)). The Court is not unsympathetic. But even recognizing the harm caused to Honda by mass counterfeiting and accepting that there may be common issues of law and fact as to the Defendants, the Amended Complaint does not allege facts that would support joinder under Fed. R. Civ. P. 20(b)(2).

Joinder of defendants who are not jointly or severally liable can be made only for claims for relief "with respect to or arising out of the same transaction, occurrence or series of transactions and occurrences" and when there is a "question of law or fact common to all defendants." Fed. R. Civ. P. 20(b)(2). Honda argues those courts which find joinder inappropriate conflate the words "transaction" and "occurrence." Honda

argues the words mean different things and the "occurrence of mass harm" caused by internet-based counterfeiters permits joinder of multiple defendants in one action. The *Bose Corp.* court explained it this way:

> The internet frequently produces occurrences that can be described as cooperative but not transactional or intentionally coordinated. Individual actions which alone may have minimal impact on society or the economy can have a substantial impact through aggregation that is only possible through the internet. Individuals on the internet can openly reach billions of people with a single click of a mouse, while at the same time hiding their identities, frustrating law enforcement. As a result, an "occurrence" of mass harm easily can be inflicted even if there is no express "transactional" coordination among the attackers.
>
> Rule 20's inclusion of the term "occurrence" should allow plaintiffs to join in a single case the defendants who participate in such unlawful occurrences, despite the lack of a "transactional link." The kind of harmful occurrences the internet enables—including mass foreign counterfeiting—were inconceivable when Rule 20 was drafted. But the Rule's inclusion of the term "occurrence" suggests that joinder is appropriate in cases alleging harm that is not strictly "transactional."

*Bose Corp.,* 334 F.R.D. at 516. But as this Court sees it, the *Bose Corp.* court misapplied the definition of "occurrence" as used in Rule 20(b)(2).

In interpreting any written code, the court must "determine the ordinary public meaning" of the term at issue at the time the statute was enacted. *Bostock v. Clayton County,* 590 U.S. 644 654 (2020). According to merriam-webster.com, an "occurrence" is "something that occurs," such as lightening or "the action or fact of happening or occurring," such as "the repeated occurrence of petty theft in the locker room."[2] The term "occur" means: "1. to be found or met with: APPEAR; 2. to come into existence: HAPPEN; or 3. to come to mind."[3] Black's Law Dictionary defines "occurrence" as "[s]omething that

---

[2] https://www.merriam-webster.com/dictionary/occurrence (accessed 11/20/2024). The Court would note that defining a word by using the word itself in the definition is borderline useless. The Black's Law Dictionary definition is a far superior one.

[3] https://www.merriam-webster.com/dictionary/occur (accessed 11/20/2024).

happens or takes place; specif., an accident, event, or continuing condition that results in personal injury or property damage that is neither expected nor intended from the standpoint of an insured party." Garner, Black's Law Dictionary (12th Ed. 2024).

The *Bose Corp.* court acknowledged that mass foreign counterfeiting was "inconceivable" when Rule 20 was drafted but, nevertheless, the court recognized mass counterfeiting by different defendants as an "occurrence" that would support joinder. The court defined the *harm* caused to the Plaintiff as the "occurrence" that supports joinder. This conclusion expands the definition of "occurrence" beyond its ordinary public meaning. The occurrence … the "action" or "thing that happened" … from which a trademark claim arises is the alleged counterfeiting and unauthorized use of trademarked material, not the harm caused to the trademark holder.

A "mass harm" caused by separate defendants, without more, is not an "occurrence." *Omega, SA v. Individuals, Bus. Entities & Unincorporated Associations Identified on Schedule "A",* 650 F. Supp. 3d 1349, 1353 (S.D. Fla. 2023) ("[S]imply committing the same type of violation in the same way does not link defendants together for purposes of joinder."). For an occurrence to exist, the defendants' actions must be "logically related" to each other. *Peleg Design Ltd. v. Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A" to the Complaint,* 2024 WL 1759139, at *1 (S.D. Fla. Apr. 24, 2024) (citing *Alexander v. Fulton Cnty., Ga.,* 207 F.3d 1303, 1323 (11th Cir. 2000) *overruled on other grounds Manders v. Lee,* 338 F.3d 1304 (11th Cir. 2003)) (joinder not permitted where defendants' actions were not "logically related" to each other); *Purple Innovation, LLC v. The Individuals, Corporations, Limited Liability Companies, Partnerships and Unincorporated Associations Identified on Schedule "A",* 2024 WL 4652095, at *8 (S.D.

5

Fla. Oct. 22, 2024) *report and recommendation adopted,* 2024 WL 4652096 (S.D. Fla. Nov. 1, 2024) (dismissing complaint for improper joinder where allegations did not show how defendants' alleged infringements were "logically related").

By contrast, if a group of defendants work in concert to infringe a trademark, their separate actions can be recognized as a series of occurrences, and they may permissibly be joined as defendants. *See Viahart, L.L.C. v. GangPeng,* 2022 WL 445161, at *3-4 (5th Cir. Feb. 14, 2022) (joinder permissible where complaint alleged defendants worked together "as an interrelated group"). The pleadings must, however, allege some facts from which the court can conclude the defendants are acting in concert. *See Peleg Design Ltd.,* 2024 WL 1759139, at *2 (joinder improper where plaintiff failed to show how similar storefronts or using same approach for infringement established that infringements were logically related).

Honda cites *Tesla, Inc. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 24-21265-CIV-DPG (S.D. Fla. 2024) and *Animaccord Ltd. v. The Individuals, Partnerships and Unincorporated Associations Identified on Schedule "A,"* Case No. 22-60956-CIV-KMM, where the courts in this District granted a TRO after originally dismissing the Complaints for improper joinder. Neither the *Tesla, Inc.* nor the *Animaccord Ltd.* court explained why joinder was permitted after the complaints were amended and this Court is wary of making assumptions as to why. But based on the facts alleged in Honda's Complaint, the Court cannot plausibly conclude that Honda's claims arise from the same series of transactions or occurrences.

Honda argues that each of the Defendants are selling similar or identical aftermarket automotive accessories such as floormats and door sill covers on Ebay. (DE [10]). The Amended Complaint alleges Defendants are "employing and benefitting

6

from substantially similar advertising and marketing strategies based, in large measure, upon an illegal use of counterfeits and infringements of the Honda Marks." (DE [6] ¶ 33). There is nothing about the products allegedly being sold by these Defendants from which the Court could conclude the Defendants' activities are logically related. Similar advertising and marketing strategies or infringements, without more, do not plausibly show that the Defendants' alleged infringement arise from the same series of transactions or occurrences as required by Rule 20(b)(2). "Simply committing the same type of violation in the same way does not link defendants together for purposes of joinder." *AF Holdings, LLC v. Does 1-1058,* 752 F.3d 990, 998 (D.C. Cir. 2014). There are no facts alleged that would support the conclusion that Defendants are acting in concert or obtaining their products from a common source or in a logically related way that would justify joinder of these Defendants. *See Peleg Design, Ltd.,* 2024 WL 1759139 at *2.

Honda argues that joinder would promote judicial economy, but the Court disagrees. With the joinder of multiple unrelated Defendants, the Court must evaluate the evidence against each Defendant and, if the Defendants appear in the action, each Defendant will be required to "wade through evidence pertaining to dozens of potentially unrelated defendants." *Id.*; *Omega, SA,* 650 F. Supp. 3d at 1352. Only the Plaintiff would benefit by misjoinder of multiple Defendants.

Honda also raises policy issues arising from the threat of foreign counterfeiting and the ability of counterfeiters to hide their identities on the various internet platforms. Honda cites Executive Order 13904 of January 31, 2020, and the Department of Homeland Security report on this topic, *see* (DE [11-1] and [11-2])). The Court has read both and agrees they present serious issues of concern to both trademark holders and consumers. But the remedy is not found by improperly joining persons or companies whose activities

do not arise out of the same transactions or occurrences. The Court concludes, therefore, that the Defendants listed on Schedule "A" have been improperly joined. Accordingly, it is hereby

**ORDERED AND ADJUDGED** that the Amended Complaint (DE [6]) is **DISMISSED WITHOUT PREJUDICE** and the Sealed Schedule "A" (DE [14]) is **STRICKEN.** All pending motions are **DENIED AS MOOT.** Plaintiff may file a Second Amended Complaint consistent with this Order**.**

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 18th day of February 2025.

RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF